Leopoldo CARDENAS, Plaintiff—
Appellant,

v.

James M. LEWIS, County Commissioner, each and everyone in their individual and official capacities; Bettie Ingham, County Commissioner, each and everyone in their individual and official capacities; Jessie S. Palacios, County Commissioner, each and everyone in their individual and official capacities; John W. Adkinson, Defendants,

and

Kenneth A. Ray, Director, each and everyone in their individual and official capacities; Michael D. Williams, Manager, security operations, each and everyone in their individual and official capacities; Charles C. Dimick, Classification Officer, each and everyone in their individual and official capacities; Roberta A. Gamino; Shirley Scroggins, Classification Officer, each and everyone in their individual and official capacities; Bob R. Scott, Sgt., each and everyone in their individual and official capacities; Daniel Cypher, Correctional Officer, each and everyone in their individual and official capacities; Ritchie A. Fowler, Correctional Officer, each and everyone in their individual and official capacities; John Doe Doctor (Dr. Roy Gondo), PA/Yakima County Department of Corrections, each and everyone in their individual and official capacities; Michael R. Clark; Michael Van Sloten, Correctional Officer, each and everyone in their official and individual capacities; Marvin Mazie, Correctional Officer, each and everyone in their official and individual capacities; Robert W. Jones, Correctional Officer, each and everyone in their official and individual capacities, Defendants—Appellees.

No. 01–36121.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 7, 2003.*

Decided March 7, 2003.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

Before: WALLACE, TROTT, and TASHIMA, Circuit Judges.

MEMORANDUM **

*Pro se* Plaintiff Leopoldo Cardenas appeals the district court's grant of summary judgment in favor of various officials and officers of the Yakima County Department of Corrections (collectively, "Defendants"), on his 42 U.S.C. § 1983 claims. We review the district court's grant of summary judgment de novo, *see Sorrels v. McKee,* 290 F.3d 965, 969 (9th Cir.2002), and we affirm in part, and reverse and remand in part. Because the facts are familiar to the parties, we recount them only where necessary.

## 1. Failure to Protect

Cardenas argues that Defendants were deliberately indifferent to a substantial risk to his safety because they repeatedly transferred him to units where he was in danger and because, on January 28, 1999, they placed him in the jail holding tank with Ivan Andrade, from whom he was supposed to be kept separated. Even if we assume that the officers on duty failed to check his "keep separate" wristband before placing him in the holding tank, Cardenas still fails to produce any evidence from which a reasonable juror might infer that the officers acted with deliberate indifference, rather than mere negligence.[1] *See Lopez v. Smith,* 203 F.3d

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because Cardenas failed to indicate how additional discovery would reveal information that would raise genuine issues of material fact, we reject his contention that the district court abused its discretion in not allowing

1122, 1131 (9th Cir.2000) (en banc) (stating that mere negligence does not establish deliberate indifference to medical needs). We therefore affirm the district court's grant of summary judgment against Cardenas regarding the January 28, 1999 incident. Although the district court did not address Cardenas's claim regarding the unit transfers, we need not remand this claim for initial consideration by the district court because there is no evidence in the record that Cardenas suffered any resulting injury. *See Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 750 (9th Cir.2001) (holding that a grant of summary judgment may be affirmed on any ground supported by the record).

## 2. Excessive Force

Cardenas contends that Officer Ritchie Fowler used excessive force to remove him from his cell on December 22, 1998. Cardenas is not entitled to relief because he fails to allege that he suffered any type of injury as a result of the incident. *See White v. Roper*, 901 F.2d 1501, 1507 (9th Cir.1990). Cardenas also alleges that Officer Dan Cypher used excessive force to restrain him during the holding tank incident on January 28, 1999. To determine whether excessive force was employed, we examine four factors: (1) the need for the application of force; (2) the relationship between the need and amount of force applied; (3) the extent of the injury inflicted; and (4) whether force was applied in a good faith effort to restore discipline. *Id.* Viewing the record most favorably to Cardenas, we conclude that while Cardenas allegedly suffered a thumb injury as a result of Cypher's actions, the other factors weigh strongly against a finding of excessive force. The circumstances, a violent fight in an en-

closed holding cell, plainly required the use of physical force to restore discipline, and Cardenas makes no argument that Cypher's conduct was malicious or unnecessary. He claims only that he was injured in the process of restoring order. The district court did not err in granting summary judgment to Fowler and Cypher.

## 3. Disciplinary Proceedings

Cardenas alleges that his disciplinary proceedings were defective because he was not allowed to call witnesses, the hearing officer refused to read his exculpatory statement, and his request to audiotape the hearings was denied. Cardenas also alleges that he was placed in segregation without a hearing. The district court granted summary judgment against Cardenas without considering the merits of this claim because it concluded, citing *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), that this claim was not cognizable under 42 U.S.C. § 1983. *See id.* at 648 Because Cardenas was a pretrial detainee, however, his claim is controlled by *Mitchell v. Dupnik*, 75 F.3d 517 (9th Cir.1996), not *Balisok*.

In *Mitchell*, a pretrial detainee recovered under § 1983 on a claim that he was placed unfairly in administrative segregation after being found guilty of jail infractions. The court explained that, unlike a convicted prisoner, a pretrial detainee has a liberty interest in "freedom from disciplinary confinement," *id.* at 525, such that a pretrial detainee is entitled to a due process hearing before he is punished or "restrained for reasons other than to assure [his] appearance at trial," *id.* at 524. At the hearing, the detainee is entitled to a meaningful opportunity to defend himself

him to conduct further discovery before granting summary judgment. *See Nicholas v.*

*Wallenstein*, 266 F.3d 1083, 1088–89 (9th Cir. 2001).

against the charges, and must be allowed to call witnesses in his defense, unless doing so would be "unduly hazardous to institutional safety and correctional concerns." *Id.* at 525. Because the district court indicated that but for *Balisok*, it would not have granted summary judgment against Cardenas on his disciplinary proceedings claims, we reverse and remand this claim for further proceedings, consistent with *Dupnik.*

### 4. Deliberate Indifference to Medical Needs

■ Cardenas contends that Dr. Roy Gondo was deliberately indifferent to the seriousness of the thumb injury he suffered during the holding tank incident. Dr. John Adkinson gave a statement that Dr. Gondo's failure to diagnose Cardenas's injury as a small avulsion fracture did not delay Cardenas's recovery and that the treatment of a small avulsion fracture is similar to the treatment Dr. Gondo gave Cardenas for a grade two or three sprain. The opinion of Dr. Scott Hutson, cited by Cardenas on appeal, does not rebut Dr. Adkinson's statement and there is nothing in the record from which a reasonable jury could conclude that Cardenas' continuing problems with his thumb are attributable to the treatment he received from Dr. Gondo. Therefore, the district court did not err in granting summary judgment in favor of Dr. Gondo.

### 5. Opening Legal Mail

■ Cardenas contends that Officer Robert Jones violated his rights by unjustifiably opening his legal mail outside of his presence and delaying its delivery. Even assuming *arguendo* that Jones violated Cardenas' rights, qualified immunity protects Jones from suit. *See Butler .v. Elle,* 281 F.3d 1014, 1021 (9th Cir.2002). With respect to Cardenas' claim that Jones retaliated against him for filing a grievance by taking away Cardenas' thumb splint, we affirm the district court's grant of summary judgment against Cardenas on the ground that Cardenas failed to set forth specific facts establishing that removal of the splint was at least partially motivated by retaliation. *See Karl Storz Endoscopy Am., Inc. v. Surgical Techs., Inc.,* 285 F.3d 848, 855 (9th Cir.2002) (summary judgment may be affirmed on any grounds supported by the record).

### 6. Failure to Train/Supervise

■ Cardenas' complaint alleged that Defendants Kenneth Ray, Michael Williams, and Michael Clark failed properly to train and supervise their subordinates, resulting in the deprivation of his rights. Where the district court properly ruled that their subordinates were not liable for constitutional violations, the associated claims for failure to train and supervise likewise fail. *See Quintanilla v. City of Downey,* 84 F.3d 353, 355 (9th Cir.1996). To the extent claims against subordinates survive this disposition, we remand for further proceedings the accompanying claims for failure properly to supervise and train subordinates. Because, however, Cardenas has not alleged the existence of a municipal policy that violated his constitutional rights, the inquiry on remand must be limited to determining only whether Defendants are liable in their individual capacities, and not in their official capacities. *See Redman v. County of San Diego,* 942 F.2d 1435, 1446–47 (9th Cir. 1991).

### 7. Leave to Amend

■ Finally, Cardenas alleges that the district court abused its discretion in dismissing his complaint with prejudice. We have held that a district court should grant a *pro se* plaintiff leave to amend, even if no request to amend the pleading was made,

unless it determines that the pleading could not possibly be cured by the allegation of other facts. *See Lopez*, 203 F.3d at 1131. Cardenas fails to set forth any facts suggesting that further amendment would cure the deficiencies in his complaint. We therefore uphold the district court's dismissal with prejudice.

## Conclusion

In sum, the district court erred in applying *Balisok* to Cardenas' disciplinary proceedings claim. On remand, the court should follow this court's decision in *Dupnik*. We therefore reverse in part the district court's summary judgment order and remand the case to the district court for further proceedings consistent with this disposition, including for further proceedings on the claims raised by Cardenas, but not yet addressed by the district court. Each party shall bear her or his own costs on appeal.

**AFFIRMED in part and REVERSED and REMANDED in part.**